**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000005
08-MAY-2013
10:06 AM**

NO. CAAP-12-0000005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAVID CARL GUSTAFSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2P110-01759)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant David Carl Gustafson (**Gustafson**) appeals from the Notice of Entry of Judgment and/or Order entered on December 6, 2011 (**Judgment**) by the District Court of the Second Circuit (**District Court**).[1/]  Gustafson was charged with and convicted of criminal trespass in the second degree in violation of Hawaii Revised Statutes (**HRS**) § 708-814(1)(a) (**Trespass 2nd**).

On appeal, Gustafson raises a single point of error, contending that there was insufficient evidence to convict him of Trespass 2nd because, even when the evidence is viewed in the light most favorable to the State, there was insufficient evidence to prove beyond a reasonable doubt that Gustafson knowingly, entered or remained without license, invitation, or privilege in or upon the complaining witness's fenced property.

---

[1/]    The Honorable Blaine J. Kobayashi presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised by the parties, we resolve Gustafson's point of error as follows:

The Hawai'i Supreme Court has

long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

"Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

In addition, "[a]n appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." Porter v. Hu, 116 Hawai'i 42, 60, 169 P.3d 994, 1012 (App. 2007) (quoting State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)); see also State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999).

To sustain a conviction for Trespass 2nd in violation of HRS § 708-814(1)(a), the prosecution is required to prove that the defendant (1) knowingly; (2) entered or remained; (3) without license, invitation, or privilege; (4) in or upon premises that are enclosed in a manner designed to exclude intruders or are fenced. See, e.g., State v. Cavness, 80 Hawai'i 460, 463-64, 911

2

P.2d 95, 98-99 (App. 1996); <u>State v. Hanapi</u>, 89 Hawai'i 177, 182, 970 P.2d 485, 490 (1998).

Here, the District Court specifically found that the testimony of the complaining witness was more credible than that of Gustafson, specifically including the testimony that Gustafson was not invited or given permission to be on her property that day when she observed him, from a few feet away, picking the lock of and opening a sliding glass door to her home, which was surrounded by a six-foot-tall fence and closed gate. The complaining witness further testified that, after the door popped open and Gustafson saw her, her turned and ran. Also, the complaining witness testified that there was damage to the door and the locking mechanism and that there were cracks in the drywall around the door frame.

Based on this evidence, together with the entirety of the other evidence presented, and reasonable inferences therefrom, we conclude that there was substantial evidence to support Gustafson's conviction and for the District Court to reject Gustafson's defense that he believed that he was an invited guest at the complaining witness's home because of prior visits.

Accordingly, the District Court's December 6, 2011 Judgment is affirmed.

DATED: Honolulu, Hawai'i May 8, 2013.

On the briefs:

Cherylann Miyamoto
Deputy Public Defender
for Defendant-Appellant

Cody E. Minatodani
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge